UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANE L. GASSNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CV-1335 CAS |
| | ) | |
| JAY WOLFE TOYOTA, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on a letter from plaintiff Jane Gassner dated November 20, 2006.

By Memorandum and Order dated September 21, 2006, the Court granted plaintiff's motion to proceed in forma pauperis in this case, and by separate order granted her motion for appointment of counsel. The order appointing counsel quoted Local Rule 2.05(B), which provides that if the financial status of a party who has been granted in forma pauperis status changes (e.g., by obtaining employment, a salary increase, receipt of disability or other benefits, etc.), the party must promptly notify the Court in writing.

In compliance with the Court's order appointing counsel, plaintiff reported a change in her financial status by submitting the letter and a revised CJA Form 23 Financial Affidavit. The affidavit reflects that plaintiff, who was formerly unemployed, now has a commission-based salary of approximately $3000 per month. Based on plaintiff's current income, her substantial assets, and considering her debts, dependents, and cash on hand, the Court concludes that plaintiff is no longer

entitled to in forma pauperis status and is financially able to pay the costs associated with this litigation.

As a result, the Court will revoke plaintiff's in forma pauperis status. The Court lacks the discretion to appoint counsel for a Title VII plaintiff who is not indigent. See Slaughter v. City of Maplewood, 731 F.2d 587, 590 (8th Cir. 1984); Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004-05 (8th Cir. 1984). Consequently, the Court must vacate the appointment of counsel. The Clerk of the Court will be ordered to amend the docket sheet of this case to reflect that plaintiff is now representing herself, pro se.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's in forma pauperis status is **revoked**.

**IT IS FURTHER ORDERED** that the Memorandum and Order dated September 21, 2006 which appointed attorney Timm W. Schowalter to represent plaintiff is **vacated**, and Mr. Schowalter is immediately **relieved** of the obligation to represent plaintiff in this matter. [Doc. 6]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this order to plaintiff at 739 Top Notch Lane, Eureka, Missouri 63025, and shall amend the docket sheet of this case to reflect that plaintiff is now proceeding pro se.

**IT IS FURTHER ORDERED** that Mr. Schowalter is advised that any application for disbursement of funds for fees and expenses from the Eastern District's Attorney Admission Fee Non-Appropriated Fund must be filed within sixty (60) days of the date of this order, and will be governed by Local Rules 12.03 and 12.06, the Administrative Order of February 24, 2004 concerning the Attorney Admission Fee Non-Appropriated Fund, and the Regulations Governing the Disbursement of Funds from the Non-Appropriated Fund for Attorney's Fees and Out-of-Pocket Expenses Incurred

by Attorneys Appointed to Represent Indigent Parties in Civil Proceedings Pursuant to 28 U.S.C. § 1915(e), dated February 24, 2004. Form requests for compensation of services and reimbursement of expenses may be obtained from the Clerk of the Court or printed from the Court's Internet website, www.moed.uscourts.gov.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of December, 2006.