UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE L. GASSNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CV-1335 CAS |
| ) | |
| JAY WOLFE TOYOTA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court pro se plaintiff Jane Gassner's letter dated January 21, 2007, which seeks reconsideration of the Memorandum and Order dated December 19, 2006 (the "Order"), which revoked plaintiff's in forma pauperis status. In the letter, which is not verified or signed under penalty of perjury, plaintiff states that her house is in foreclosure and that she cannot afford an attorney, and asks the Court to reconsider its decision relieving appointed counsel from representing her. Defendant opposes the motion. Plaintiff did not file a reply and the time to do so has passed.

In the Order, the Court stated in part:

> In compliance with the Court's order appointing counsel, plaintiff reported a change in her financial status by submitting the letter and a revised CJA Form 23 Financial Affidavit. The affidavit reflects that plaintiff, who was formerly unemployed, now has a commission-based salary of approximately $3000 per month. Based on plaintiff's current income, her substantial assets, and considering her debts, dependents, and cash on hand, the Court concludes that plaintiff is no longer entitled to in forma pauperis status and is financially able to pay the costs associated with this litigation.

Mem. and Order of Dec. 19, 2006 at 1-2. [Doc. 18]

Based on its review of plaintiff's financial situation, the Court determined that plaintiff was not indigent. The Court lacks the discretion to appoint counsel for a Title VII plaintiff who is not indigent. See Slaughter v. City of Maplewood, 731 F.2d 587, 590 (8th Cir. 1984); Nelson v. Redfield

Lithograph Printing, 728 F.2d 1003, 1004-05 (8th Cir. 1984). Because plaintiff is not indigent, the Court lacks the power to require an attorney to represent her without charge. Plaintiff's letter to the Court, construed as a motion for reconsideration, should therefore be denied.

The Court notes that plaintiff's letter did not contain a certificate of service indicating that she sent a copy of it to defendant's counsel. Federal Rule of Civil Procedure 5(d) requires that all papers include a certificate of service, to reflect that a copy was sent to opposing counsel, as required by Rule 5(a), Fed. R. Civ. P. Plaintiff is advised that a pro se litigant is not excused from complying with court orders or substantive and procedural law, "even without affirmative notice of the application of the rules to his case." Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's letter to the Court dated January 21, 2007, construed as a motion for reconsideration, is **DENIED**. [Doc. 22]

**IT IS FURTHER ORDERED** that in the future, plaintiff shall communicate with the Court only by motion or memorandum, and not by letter. See Eastern District of Missouri Local Rule 4.04(A).

**IT IS FURTHER ORDERED** that in the future, plaintiff shall include a certificate of service on all documents filed in this action, or the same may be ordered stricken from the record.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   12th   day of February, 2007.