UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANE LOUISE GASSNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CV-1335 CAS |
| ) | |
| JAY WOLFE TOYOTA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's Motion to Dismiss or in the Alternative to Stay this Action and Compel Arbitration. Plaintiff has not filed a response to the motion. For the following reasons, the Court will grant defendant's motion to dismiss and will deny as moot the alternative motion to stay this action and compel arbitration.

**Background**.

Plaintiff states in the First Amended Complaint that she was hired by defendant in December 2003 as a pre-owned car salesperson, although defendant did not have a separate pre-owned department at the time plaintiff's employment began. Plaintiff alleges that after defendant opened a separate pre-owned department, it failed to promote her to work in that department, where she would have had the opportunity to earn higher sales commissions. Plaintiff alleges that defendant's failure to promote her to the pre-owned department constitutes illegal discrimination based on sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., and the Equal Pay Act of 1963, 29 U.S.C. § 206(d).

Prior to her employment with defendant, plaintiff acknowledged receiving a copy of defendant's Wolfe Automotive Group Employee Handbook (the "Employee Handbook"),[1] and signed a document on December 4, 2003, which stated that she would read and abide by all rules, policies and procedures in the Employee Handbook. As relevant here, the Employee Handbook requires that certain employee grievances be addressed through a dispute resolution procedure which has several steps. The two classes of employee grievances subject to the dispute resolution procedure are (1) disputes concerning employee discharge or demotion, and (2) disputes regarding failure to promote an employee to a position for which the employee had applied or requested consideration. The Employee Handbook provides that if the grievance cannot be resolved within the company, the dispute must be submitted to mediation. If a resolution of the claim cannot be reached through mediation, the employee may request that the dispute be resolved by binding arbitration. See Def.'s Ex. C, Employee Handbook at 12-15.

**Standard**.

Congress enacted the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16 (1994), "to reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991). The FAA declares that written agreements to resolve disputes through arbitration are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (1994). The effect of the FAA was to "create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). In

---

[1]Portions of the Employee Handbook are attached as Exhibit C to defendant's Motion to Dismiss, or, in the Alternative, to Stay this Action and Compel Arbitration [Doc. 20].

Circuit City Stores, Inc. v. Adams, 532 U.S. 105 (2001), the Supreme Court held that the FAA's provisions apply to arbitration agreements covering employment-related claims. Id. at 1311.

In determining whether to compel arbitration, a court "must determine simply whether the parties have entered a valid agreement to arbitrate and, if so, whether the existing dispute falls under the coverage of the agreement." Gannon v. Circuit City Stores, Inc., 262 F.3d 677, 680 (8th Cir. 2001); see also Faber v. Menard, Inc., 367 F.3d 1048, 1052 (8th Cir. 2004) (same). "[E]ven claims arising under a statute designed to further important social policies may be arbitrated because 'so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum,' the statute serves its functions." Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 90 (2000) (brackets in original; citing Gilmer, 500 U.S. at 26 and quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 637 (1985)). Further, "[t]he Supreme Court has made it clear that '[t]he Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" Ackerberg v. Johnson, 892 F.2d 1328, 1332 (8th Cir. 1989) (quoting Moses H. Cone, 460 U.S. at 24-25). Accordingly, the Court will review defendant's motion in light of "liberal federal policy favoring arbitration agreements." Gilmer, 500 U.S. at 25 (quoting Moses H. Cone, 460 U.S. at 24).

**Discussion**.

The Court must first determine whether the agreement to arbitrate is subject to the FAA. In passing the FAA, Congress mandated the enforcement of arbitration provisions and declared a strong national policy in favor of arbitration. See Southland Corp. v. Keating, 465 U.S. 1, 10 (1984). "From this strong policy flows a 'broad principle of enforceability' of arbitration provisions." Dobbins v. Hawk's Enters., 198 F.3d 715, 717 (8th Cir. 1999) (quoting Southland, 465 U.S. at 11).

To enforce an arbitration clause under the FAA, the arbitration provision must be a part of a written contract "evidencing a commercial transaction," and an arbitration agreement must be enforceable under the principles of contract law. See 9 U.S.C. § 2; see also Barker v. Golf U.S.A., Inc., 154 F.3d 788, 790 (8th Cir. 1998), cert. denied, 525 U.S. 1068 (1999).

The arbitration provision in the instant case is subject to the FAA as it is contained in a written agreement that evidences a commercial transaction involving interstate commerce. This is because plaintiff's duties in her employment with defendant concerned automobile sales, which are transactions that affect interstate commerce.[2] See United States v. Evans, 272 F.3d 1069, 1080 (8th Cir. 2001) (transaction involving purchase of an automobile from a commercial used car dealer was sufficient, by itself, to have an effect on interstate commerce), cert. denied, 535 U.S. 1029 (2002); Teamsters Local Union No. 116 v. Fargo-Moorhead Auto. Dealers Ass'n, 459 F. Supp. 558, 560 (D.N.D. 1978) (finding that the automobile sales industry affects interstate commerce). Where an employee's responsibilities involve interstate commerce, an employment agreement will be deemed to fall under the FAA. See, e.g., Duggan v. Zip Mail Servs., Inc., 920 S.W.2d 200, 202 (Mo. Ct. App. 1996) (employment agreement fell under the FAA because the employer's business involved interstate commerce as it sorted mail that crossed state lines, and the plaintiff's position involved dealing with customers in Illinois as well as Missouri).

Because plaintiff has not responded to the motion to dismiss or in the alternative to stay, the Court merely determines whether the parties have entered into a valid agreement to arbitrate and, if

---

[2]Defendant has submitted the affidavit of its general manager, Steve Maher, which states in part that plaintiff sold a total of twelve vehicles to residents of states other than Missouri during her employment with defendant. See Maher Aff. at 2, ¶ 5, Ex. A to Defendant's Motion to Dismiss or in the Alternative to Stay This Action and Compel Arbitration.

4

so, whether the existing dispute falls under the coverage of the agreement. See Faber, 367 F.3d at 1052.

It is uncontroverted that plaintiff agreed in writing that she would abide by all rules, policies and procedures in the Employee Handbook, which includes an arbitration provision. Whether the arbitration agreement is valid is a matter of state contract law. Faber, 367 F.3d at 1052. Under Missouri law, "[t]he primary rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention." Lyster v. Ryan's Family Steak Houses, Inc., 239 F.3d 943, 946 (8th Cir. 2001) (quoting Speedie Food Mart, Inc. v. Taylor, 809 S.W.2d 126, 129 (Mo. Ct. App. 1991)). Federal courts in Missouri have enforced arbitration agreements in employment disputes between employees and franchise motor vehicle dealers such as defendant. See, e.g., Prewitt v. Chuck Anderson Ford-Mercury, Inc., 05-0038-CV-W-HFS (W.D. Mo. Apr. 14, 2005); Hemaya v. Thoroughbred Ford, Inc., 03-6088-CV-SJ-FJG (W.D. Mo. Nov. 14, 2003); Hays v. Saturn of Kansas City, Inc., No. 00-1005-CV-W-6 (W.D. Mo. June 6, 2001). Under the facts of this case viewed in light of applicable Missouri law, and in the absence of any objection by the plaintiff, the Court concludes that the agreement is valid.

It is clear that plaintiff's claims fall within the scope of the arbitration agreement, which specifically states that all disputes concerning (1) employee discharge or demotion, and (2) failure to promote an employee to a position for which the employee had applied or requested consideration, are subject to the grievance procedure contained in the Employee Handbook. Plaintiff's claims under Title VII and the Equal Pay Act are based solely on her contention that defendant failed to promote her to a position in the pre-owned department.

Based on the foregoing, the Court concludes that plaintiff executed a valid agreement to arbitrate and that her claims of failure to promote and unlawful discrimination based on sex in violation of Title VII and the Equal Pay Act fall within the scope of the agreement.

The only issue remaining for decision is whether this case should be dismissed or stayed. Under section 3 of the FAA, federal courts have the authority to stay an action pending arbitration, upon application by one of the parties. This provision does not limit dismissal of a case, however, when all of the issues raised in the complaint must be submitted to arbitration. See, e.g., Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc., 252 F.3d 707, 709-10 (4th Cir. 2001) ("dismissal is a proper remedy when all of the issues presented in a lawsuit are arbitrable."); Green v. Ameritech Corp., 200 F.3d 967, 973 (6th Cir. 2000); Bercovitch v. Baldwin School, Inc., 133 F.3d 141, 156 & n.21 (1st Cir. 1998); Alford v. Dean Witter Reynolds, Inc., 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when *all* of the issues raised in the district court must be submitted to arbitration."); Sparling v. Hoffman Constr. Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988); see also Barker, 154 F.3d at 790 (affirming dismissal of action because of existence of arbitration clause).

Where all issues in a case must be submitted to arbitration, it serves no purpose to retain jurisdiction and stay an action. This is also true with regard to post-arbitration remedies, which would not involve a plenary review of the merits of the dispute but rather are limited to a review of the arbitrator's award in the manner provided by law. See Alford, 975 F.2d at 1164. As a result, the Court concludes that defendant's motion to dismiss this matter should be granted.

**Conclusion**.

For the foregoing reasons, the Court concludes that plaintiff executed a valid agreement to arbitrate and that her claims of failure to promote and unlawful discrimination based on sex in violation of Title VII and the Equal Pay Act fall within the scope of the agreement. Because all of the claims in this action are subject to arbitration, defendant's motion to dismiss should be granted. Defendant's alternative motion to stay the action and compel arbitration should be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss this action is **GRANTED**. [Doc. 20]

**IT IS FURTHER ORDERED** that defendant's alternative motion to stay this action and compel arbitration is **DENIED as moot**. [Doc. 20]

An appropriate order of dismissal will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   15th   day of May, 2007.